**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| Katelynn Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| TrueAccord Corp., a Delaware corporation, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Katelynn Anderson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Katelynn Anderson ("Anderson"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Affirm.

4.      Defendant, TrueAccord Corp. ("TrueAccord"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail, and/or email and/or the telephone to collect, or attempt to collect,

1

defaulted consumer debts. Defendant TrueAccord operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant TrueAccord was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant TrueAccord is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant TrueAccord conducts business in Alabama.

## FACTUAL ALLEGATIONS

6.      Due to financial difficulties, Plaintiff was unable to pay her debts, including a consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed to Affirm. Sometime after this debt went into default it was obtained by Defendant for collection.

7.      As is her right under the FDCPA, Ms. Anderson responded to Defendant's collection actions by sending TrueAccord letters on February 7, 2025, and February 10, 2025, directing Defendant not to contact her, via any method, between 8 am to 6 pm, as that time period was inconvenient due to her work schedule. Copies of these letters are attached as Group Exhibit B.

8.      These letters were properly address to the Defendant and were sent via U.S Mail, first class postage pre-paid, and were not returned by the U.S Postal Service as undeliverable.

9.      Undeterred, Defendant TrueAccord sent Ms. Anderson collection emails, including but not limited to, collection emails during her work hours on February 24,

2

2025, and February 25, 2025, regarding payment of the Affirm debt. Screen prints of these collection emails are attached as Group Exhibit C.

10. As a result of Defendant's failure to cease contacting Ms. Anderson regarding the debt at a time that is inconvenient for Ms. Anderson, she had to take the time, effort and/or expense ($260.68) to have her attorney send Defendant an additional letter, to re-assert her right not to be contacted by Defendant between 8 am and 6 pm. A copy of this letter is attached as Exhibit D.

**ARTICLE III STANDING**

11. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

12. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(1) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that it is an inconvenient time for such contact.

13. Defendant's continued direct collection actions invaded Plaintiff's right to be left alone during her work hours, and intruded upon her seclusion; Defendant's actions were a direct invasion of Ms. Anderson's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Persinger v. Southwest Credit Systems, 20 F.4th 1184,

3

1191-93 (7th Cir. 2021); Lupia v. Medicredit, 8 F.4th 1184, 1191-92 (10th Cir. 2021); see also, Gadelhak v. AFFIRM Services, 950 F.3d 458, 461-62 (7th Cir. 2020).

14.    Defendant's collection actions alarmed, confused, and emotionally distressed Ms. Anderson, invaded her privacy, intruded upon her seclusion, and cost her time, effort and/or expense to try and stop Defendant's improper collection actions, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, 60 F.4th 642, 649 (11th Cir. 2023).

15.    Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**Violation of § 1692c(a)(1) Of The FDCPA --**
**Communicating With a Consumer At An Unusual Time Or Place**
**Known To Be Inconvenient To The Consumer**

16.    Section 1692c of the FDCPA prohibits a debt collector from communicating with a consumer at any unusual time or place, or a time or place known, or which should be known to be inconvenient to the consumer, see, 15 U.S.C. § 1692c(a)(1).

17.    Here, Defendant knew that Ms. Anderson did not want to be contacted – via email or any other form of communication about the debt between 8 am and 6 pm, because the letters that Ms. Anderson wrote to Defendant (Group Exhibit B)  told it so. By contacting her via email within that inconvenient time frame (Group Exhibit C), Defendant violated § 1692c of the FDCPA.

18.    Defendant's violations of § 1692c(a)(1) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

4

## PRAYER FOR RELIEF

Plaintiff, Katelynn Anderson, prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Anderson and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Katelynn Anderson, demands trial by jury.

Katelynn Anderson,

By: s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  February 26, 2025

David J. Philipps     (AL Bar No. 4240-J13P)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Thomas F. Sykstus  (AL Bar No. ASB-1535I22-J)
Bond, Botes, Sykstus & Tanner, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
rsykstus@bondnbotes.com
tsykstus@bondnbotes.com

5